William H. Ford, III (State Bar No. 52382)
william.ford@fordlawfirm.com
COLLINS|FORD, LLP
21900 Burbank Boulevard, 3d Floor
Woodland Hills, California 91367
Telephone (818) 343-2648
Attorneys for Plaintiff, Payam Morgan, M.D.

Attorneys for Plaintiff


Matthew F. Batezel (185147)
Megan D. Kamau (355041)
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Ste 240
Irvine, CA 92618
(949)242-2441
Fax (949)242-2446

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAM MORGAN, M.D., an individual,<br><br>Plaintiff,<br><br>vs.<br><br><br>STATE FARM GENERAL INSURANCE COMPANY; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 20, INCLUSIVE,<br><br>Defendants. | Case No. 2:25-cv-11858-SVW-MAR<br><br>**STIPULATED PROTECTIVE ORDER** |

1

Stipulated Protective Order

Subject to the approval of this Court, Plaintiff, Payam Morgan, M.D., and Defendant State Farm General Insurance Company ("State Farm") (collectively referred to herein as the "Parties"), by and through their respective attorneys of record in this litigation, who have authority to enter into this stipulation on behalf of their clients, stipulate to the following protective order regarding non-disclosure of documents produced by any party to this litigation which concern confidential and/or proprietary information.

1. INTRODUCTION

1.1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2. GOOD CAUSE STATEMENT

Disclosure and discovery activity in this insurance action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. State Farm contends that its internal guidelines and procedures contain proprietary intellectual property that was developed by State Farm for exclusive use by State Farm's personnel.  State

2

Stipulated Protective Order

Farm contends that these materials are unique to State Farm, and are the product of internal analyses, and may contain commercial information developed by State Farm and belonging to State Farm and that it maintains certain of the responsive documents in confidence as the documents are not distributed outside of State Farm and are considered by State Farm to be confidential, trade secret protected and proprietary, the dissemination of these materials could cause competitive harm.   Other categories of confidential documents from either party may be sought in this litigation.  Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2.      DEFINITIONS

2.1      Action: Morgan v. State Farm et al., United States District Court, Central District of California, Case No. 2:25-cv-11858-SVW-MAR

2.2      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4      Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5      Designating Party:  a Party or Non-Party that designates information or Items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information."

2.6      Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

Stipulated Protective Order

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons  or  entities  that  provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as  defined  above),  but also (1) any information  copied or extracted from Protected Material;

4

Stipulated Protective Order

(2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

All materials provided by the Parties pursuant to this Protective Order that are designated "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information." will be used solely and exclusively for the preparation for and conduct of this litigation, and will not, unless directed by an appropriate Court in an enforceable order, be made available, disclosed, or disseminated in any manner for any business or other purpose whatsoever. Individuals authorized to review "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information" pursuant to this Protective Order will hold Confidential Information and/or Trade Secret Information in confidence and will not divulge the "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information," either verbally or in writing, to any person or entity not otherwise directed to do so by an enforceable Court order.  For purposes of this provision, an enforceable Court order does not include a subpoena issued by a private attorney and challenged by any Party or third party.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care

5

to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at minimum, the legend "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information."" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the

6

material made available for inspection shall be deemed "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information."" After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information."" If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

Stipulated Protective Order

6.3     The burden of persuasion in any such challenge proceeding shall be on the
Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass
or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party
to sanctions. Unless the Designating Party has waived or withdraw the confidentiality
designation, all parties shall continue to afford the material in question the level of protection to
which it is entitled under the Producing Party's designation until the Court rules on the
challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed
or produced by another Party or by a Non-Party in connection with this Action only for
prosecuting, defending, or attempting to settle this Action. Such Protected Material may be
disclosed only to the categories of persons and under the conditions described in this Order.
When the Action has been terminated, a Receiving Party must comply with the provisions of
section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and
in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
disclose any information or item designated "CONFIDENTIAL" " or "Confidential Information
and/or Trade Secret Information." only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as
employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving
Party to whom disclosure is reasonably necessary for this Action;

8

Stipulated Protective Order

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),  unless otherwise agreed by the Designating Party or  ordered  by  the  court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Inappropriate Disclosures of "CONFIDENTIAL" Information or Items.: Confidential Information produced by the Designating Party will not be shared by the Receiving Party with any person or entity not defined in 7.2 (a) through (i) noted above.  Upon demand of the Designating Party, Counsel for the Receiving Party must execute a certification under penalty of perjury advising (1) that the Receiving Party has taken appropriate steps to follow the provisions of the Stipulated Protective Order and (2) that the Receiving Party has undertaken to ensure that all signatories of Exhibit A to the Protective Order are in full compliance with the

9

Stipulated Protective Order

obligations hereunder. If Counsel for the Receiving Party is unable or unwilling to make such certification, counsel for the Designating Party can seek appropriate relief from the Court including but not limited to the right to withhold additional Confidential Information or Protected Material from production and any other relief as this Court shall deem to be appropriate.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information" that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena to issue in the other litigation that some or all of the material covered by the subpoena is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party served with the subpoena shall not produce any information designated in this action as "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information" before a determination by the court from which the subpoena issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "Confidential Information and/or Trade

10

Stipulated Protective Order

Secret Information." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action.  Counsel for each Party and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If a Receiving Party learns that, by inadvertence

11

or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to prevent further disclosure by the Party and the person(s) receiving the unauthorized disclosure, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12

12.3    Any Party intending to file in the Court's public record, for any reason, any Protected Material may be filed in the Court's record in connection with a motion, or otherwise, only under seal. Protected Material shall be filed under seal in the Court's record only if an appropriate order is first entered in accordance with C.D. Cal. L.R. 79-5.2, *et seq*. In the event that the filing party does not intend to request to have the records sealed, the written notice to the Designating Party must be provided via email and prior to the filing of said motion or application.

13.    <u>FINAL DISPOSITION</u>

(A) After the final disposition of this Action, as defined in paragraph 4, within thirty (30) days after the final termination of this litigation, be it by trial, settlement, entry of a final judgment from which no further appeal has been or can be taken, or otherwise, the Parties to this litigation, their counsel, and all other persons who received Protected Material during the course of this litigation in accordance with this Protective Order, shall destroy all copies of such Protective Material provided to them during the course of this litigation.. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was destroyed (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material and (3) . affirms that the Receiving Party has obtained a certification, which can be produced on demand from the Designating Party, from each of the parties that signed Exhibit A to this Protective Order signifying that each Exhibit A signatory has identified (by category, where appropriate) all the Protected Material that was shared and has been destroyed and affirms that each Exhibit A signatory has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

13

consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

(B)    Nothing in this Protective Order disallows State Farm from: (a) complying with any state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state and federal law; (b) adding information discovered that is relevant to a claim to the relevant electronic record in its electronic claim system; (c) disclosing evidence of a crime or fraud; (d) retaining information necessary to meet mandated retention requirement; or (e) retaining copies of Confidential Materials that may exist on back-up media or other computer or archive storage not regularly accessed by business users in the ordinary course, provided that, should a copy of the Confidential Materials be accessed, it will be used for a purpose consistent with this Order.

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions, including but not limited to counsel's failure to comply with their obligations thereunder – both during the pendency of this matter and after the resolution of this matter.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

02/09/2026                                    /s/MICHAEL D. COLLINS
          Date                                      Attorneys for Plaintiffs

02/09/2026                                    /s/MATTHEW F. BATEZEL
          Date                                      Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

        2/19/26
          Date                                      Hon. Margo A. Rocconi

                                              United States Magistrate Judge

14

Stipulated Protective Order

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of  California on [date] in the case of _____ **[insert formal  name of the case and the number and initials assigned to it by the court].** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

15

Stipulated Protective Order